FILED
DISTRICT COURT OF GUAM
MAR 16 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JAE JUNE PAK, | Criminal Case No. 00-00150 |
| Petitioner, | Civil Case No. 04-00023 |
| vs. | |
| UNITED STATES OF AMERICA, | **ORDER** |
| Respondent. | |

Petitioner Jae June Pak ("Pak") filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion").[1] The court deems the matter appropriate for decision without oral argument. FED.R. CIV. P. 78. After considering all the submissions, the court DENIES Pak's motion in its entirety.

## BACKGROUND

On January 8, 2001, Pak pled guilty to one count of Conspiracy to Import over 50 grams of Methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960 and 963. At the time of his plea, Pak stipulated to facts contained in his plea agreement that he participated in a conspiracy with others to import over 50 grams of crystal methamphetamine a/k/a 'ice' from the Philippines into Guam for purposes of distribution and profit.[2] On August 13, 2003, the court sentenced Pak to one hundred thirty-two (132) months imprisonment. The judgment of conviction was entered

---

[1] Pak initially filed this matter as a civil rights action on April 27, 2004. The court stayed the action pending the exhaustion of Pak's *habeas corpus* remedies and the conclusion of his direct appeal. After receiving a judgement from the United States Court of Appeals for the Ninth Circuit, the court gave Pak an opportunity to file a *habeas* petition or have his existing complaint construed as a *habeas* petition. Pak failed to respond. The court then recharacterized Pak's complaint as a motion for post conviction relief pursuant to 28 U.S.C. § 2255, and gave Pak an opportunity to consolidate all prior petitions (13 had been filed). *See* Order Docket No. 97. On May 25, 2005 Pak filed the instant petition in response to the court's request that he consolidate all prior claims. *See* Docket No. 98.

[2] *See*, Plea Agreement at ¶ 8, Docket No. 12.

on the docket on August 14, 2003. On August 22, 2003, Pak filed an appeal with the Ninth Circuit. On November 24, 2004, the appellate court affirmed Pak's conviction. *United States v. Jae June Pak*, No. 03-10452 (9th Cir. 2004). *Pro se* and incarcerated, Pak brought this motion pursuant to 28 U.S.C. § 2255, requesting the court to vacate his sentence.

## ANALYSIS

28 U.S.C. § 2255 allows persons in federal custody to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by a court.[3] *See, United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979). Since such a challenge calls into question a conviction's finality, collateral relief is an extraordinary remedy that should only be granted when a fundamental defect could have resulted in a complete miscarriage of justice, or the rudimentary rules of fair procedure were not followed. *United States v. Timmreck*, 441 U.S. 780, 783, 99 S. Ct. 2085, 2087 (1979).

*Pak* claims that he is entitled to relief for the following reasons: 1) his sentence was improperly enhanced in light of *United States v. Booker*, 125 S.Ct. 738 (2005); 2) the court failed to consider Pak's cooperation with the FBI in determining his sentence; 3) his plea was unintelligent and involuntary because trial counsel was ineffective for failing to advise him of "the parameters of the guilty plea and the [C]ourt's discretion at sentencing"; and 4) counsel on appeal was ineffective because counsel failed to address the issues raised in one, two and three above.

### Applicability of *Booker*

Pak claims that his sentence was unconstitutionally enhanced in light of the recent Supreme Court decision *United States v. Booker*, 125 S.Ct. 738 (2005). Pak asserts that the sentencing guidelines used in his case were excessive and arbitrary.

---

[3] The statute states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The issue concerning whether Pak's sentence was unconstitutionally enhanced due to a failure of the court to notify him regarding his right to a jury determination of drug quantity beyond a reasonable doubt was raised on direct appeal and denied. *United States v. Jae June Pak*, No. 03-10452 (9th Cir. November 2, 2004). The Ninth Circuit found:

> Pak's constitutional right to have a jury determine the drug quantity was not infringed, because the plea agreement recited the elements of the charge against him, including drug quantity, and stated that all of these elements must be proved beyond a reasonable doubt. The elements of the charge were also discussed during the plea colloquy, when the district court advised him that he had the right to trial by jury.

*Id.*

It is well settled law that § 2255 may not be invoked to relitigate questions which were raised on a direct appeal from the judgment of conviction. The mandate of an appellate court "is controlling as to matters within its compass." *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir.1986) (quoting *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139 (1979)). Such a mandate forecloses the district court from reconsidering matters determined in the appellate court. *Id.* at 1502. Since the Ninth Circuit mandate affirmed the court's action in this regard, this court lacks the authority to reexamine the application under § 2255. *See, e.g., United States v. Scrivner,* 189 F.3d 825, 828 (9th Cir.1999) (decision on direct appeal "is binding"); *Odom v. United States,* 455 F.2d 159, 160 (9th Cir.1972) (when issue was decided on direct review "the judgment became final" and the matter decided cannot be litigated again on a § 2255 motion).

Accordingly, the court finds that Pak's rights as enumerated in *Booker* were not infringed. The court properly informed Pak of his right to have the drug quantity determined by a jury both in his plea agreement and during the plea colloquy. Since the court finds no error occurred, Pak's claim of ineffective assistance of counsel in this regard is without merit.

**Procedural Bar**

Pak did not raise the remaining claims in the District Court prior to judgment in the criminal case and on direct appeal. Claims not asserted previously, although available, are procedurally barred absent a showing of cause and actual prejudice. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Where a defendant has procedurally defaulted a claim by failing to raise

it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998).

As noted, Pak did not raise/object to the issues he asserts in the instant petition before either the trial/sentencing court or appellate court. However, Pak states that he did not address them previously because of ineffective counsel. *See, Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[i]neffective assistance . . . is cause for a procedural default"). Accordingly the court will consider Pak's claims in that context.

**Ineffective Assistance of Counsel Claims**.

To demonstrate ineffective assistance of counsel, the petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner fulfills the first prong of the *Strickland* test by showing that "the behavior complained of falls below prevailing professional norms." *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996). An inquiry into counsel's conduct probes "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. In engaging in such an inquiry, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" especially where counsel's acts may be considered "'sound trial strategy.'" *Id.* at 689. Counsel is not required to pursue all non-frivolous claims. As a matter of professional judgment, competent counsel may recognize an advantage in focusing on central issues rather than pursuing numerous weak ones. *Jones v. Barnes*, 463 U.S. 745 (1983).

*Application of U.S.S.G. § 5K1.1*. Pak contends that his sentencing/appellate counsel was ineffective because the court at sentencing did not consider his cooperation with the FBI when considering a reduction of the offense level based on "substantial assistance" provided by him. Pak's argument is without merit. Although the government initially opposed any downward departure for substantial assistance, the court held a hearing on the matter. During the hearing, Agent Kim ("Kim") of the FBI testified extensively regarding Pak's cooperation. *See* Sentencing Transcript ("Sent. TR.") 5-22, Docket No. 82. Kim recommended that Pak receive a downward

4
Case 1:00-cr-00150   Document 110   Filed 03/16/2006   Page 4 of 9

departure as a result. The court then continued the sentencing so that counsel could discuss the matter. Ultimately the government moved for a two-level downward departure based on Pak's substantial assistance.[4] Pak through counsel asked the court for a three-level departure.[5] The court, after considering the evidence and arguments of counsel, granted Pak's request for a three level downward departure, thereby reducing his offense level from 35 to 32, with a range of 121-151 months. *See* Sent. TR II 10, Docket No. 83. The court imposed a sentence of 132 months. The court imposed a sentence that was 78 months less than that recommended by the guidelines had the court not granted the departure. Accordingly, the court finds that a departure pursuant to § 5K1.1 was provided to Pak and his contention that the court failed to consider his assistance is unfounded. Likewise, his claims of ineffective assistance of counsel in this regard are without basis.

*Validity of Guilty Plea.* Pak seemingly claims that his plea was involuntary because he was not fluent in the English language. Pak also contends that he was "coerced by counsel into pleading guilty because that he was advised that if he plead guilty, his incarceration would "not exceed seven years." Pak maintains counsel was ineffective in this regard.

Upon consideration of the totality of the circumstances, a guilty plea is considered valid only if the defendant intelligently and voluntarily pleads guilty under the totality of the circumstances. *See, Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 1469 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969). A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving or understand what he is giving up and receiving in entering a guilty plea. *See, Henderson v. Morgan,* 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 (1976). Additionally, a guilty plea may be involuntary where induced by threats, misrepresentation, or promises "that are by their nature improper." *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2548 (1984).

---

[4] The government recommended that Pak's offense level be reduced from level 35 (range of 168-210) to level 33 with a sentencing range of 135-168 months. The government recommended a sentence of 135 months, the minimum of the guideline range.

[5] Pak's counsel recommended that Pak's offense level be reduced from 35 to 32 with a sentencing range of 121-151 months. Pak recommended the mandatory minimum sentence pursuant to statute, 121 months.

5

Rule 11 imposes a series of requirements on district courts before they may accept a guilty plea. *See,* FED.R.CRIM.P. 11. These procedures are designed to ensure a defendant pleading guilty understands his constitutional rights, the plea is being entered voluntarily with a full understanding of the nature of the crime charged and the consequences of the guilty plea, and a factual basis exists for the crime to which the plea is being offered.

In accordance with Rule 11(b)(2),[6] the court inquired as to the voluntariness of Petitioner's guilty plea at his change of plea hearing on January 8, 2001:

| | |
|---|---|
| Court: | Are you fully satisfied with the advice and representation given to you in this case by your lawyer, Mr. Hartsock? |
| Pak: | Yes. |
| Court: | Is your willingness to plead guilty the result of discussions that you or your lawyer have had, with the lawyer for the government? |
| Pak: | Yes. |
| Court: | Okay. There should be a copy of the plea agreement in front of you there. Okay. Now, was this document translated to you into your native language before you signed it? |
| Pak: | Yes. |
| Court: | Did you have an opportunity to discuss with your lawyer before you signed it, after it had been translated to you? |
| Pak: | Yes. |
| Court: | Now, does the plea agreement represent all the understandings that you and your lawyer have with the Government? |
| Pak: | Yes. |
| Court: | Do you understand the terms of the plea agreement? |
| Pak: | Yes. |
| Court: | Has anyone made other of different promises to you or assurances of any kind in other than what's in the plea agreement in order to get you to plead guilty today? |
| Pak: | No. |
| Court: | Do you understand that the terms of the plea agreement are only recommendations to the Court? |
| Pak: | Yes. |

---

[6] FED. R. CRIM. P. 11(b)(2) provides:

> Before accepting a plea of guilty or *nolo contendere*, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in the plea agreement).

| | | |
|---|---|---|
| Court: | | Okay. And that the Court can reject the recommendations without allowing you to withdraw your plea of guilty? |
| Pak: | | Yes. |
| Court: | | And the Court can impose a sentence that is more severe than you may anticipate? |
| Pak: | | Yes. |
| Court: | | Has anyone attempted in any way to force you to plead guilty in this case? |
| Pak: | | No. |

*See* Transcript of Change of Plea Hearing ("COP TR") 6-7, Docket No. 80.

Pak provided these answers while under oath. Pak implies that because he is only fluent in Korean his plea was somehow involuntary. However, Pak was provided with an interpreter during each proceeding. At no point during his change of plea or sentencing hearings did Pak indicate any difficulty understanding what was taking place. Counsel for Pak informed the court that the plea agreement had been translated to Pak "at least two different times" and "spent about an hour" just going through the factual basis contained in paragraph eight.[7] Further, the court also inquired of Pak as to the of the specific facts with respect to the elements of the crime through the interpreter while in open court during the change of plea hearing. *See*, COP TR 14-15.

Pak never brought to the court's attention that he had any difficulty understanding what was taking place either at the change of plea or at his sentencing. Pak was informed of the maximum sentence he faced for the count to which he pled and was informed of the possibility that the court could impose an even greater sentence.[8] Additionally, Pak indicated he had

---

[7] *See* COP TR 13-14, Docket No. 80.

[8] The relevant portion of the COP TR 9-10 is as follows:

| | | |
|---|---|---|
| Court: | | Okay. Do you understand that the offense that you are pleading guilty to is a felony offense – it's a serious offense– and if your plea is accepted you will be adjudged guilty of the offense? |
| Pak: | | Yes. |
| Court: | | Now, the maximum punishment for your offense– I need to inform you of this, it doesn't mean you're going to get it -- is life imprisonment, with a mandatory minimum term of ten years imprisonment, and four million dollar fine. And also a term of supervised release of at least five years. |
| | | (Pause) |
| Court: | | Okay. Do you understand? |
| Pak: | | Yes. |

sufficiently discussed the case with his attorney, including the potential applicability of the Sentencing Guidelines, and was satisfied with Mr. Hartsocks's representation.[9]

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977). Accordingly, a habeas petitioner faces a heavy burden in collaterally attacking a guilty plea based on allegations contrary to oral responses given in open court during a Rule 11 colloquy. *Id.* The court here followed the Rule 11 procedures by extensively questioning Pak about the voluntariness of his plea. In fact when the court advised Pak of his right to plead not guilty and proceed to trial, Pak on his own responded "I have no thought of pleading not guilty right now." COP TR 11.

Moreover, even if Pak's allegations are true, his proffered evidence fails to demonstrate ineffective assistance or that his plea was involuntary. Pak has provided no credible explanation for what he now contends were perjured statements to the court. He is bound by those statements and has not shown extraordinary circumstances that indicate his answers under oath were not true and his plea was coerced.

---

| | |
|---|---|
| Court: | Ok. Now if you're out on supervised release and you violate a condition, the conditions of your supervised released, you may be returned to jail for up to five years. Do you understand? |
| Pak: | Yes. |

[9] The relevant portion of the COP TR 10-11 is as follows:

| | |
|---|---|
| Court: | Now, have you and your lawyer talked about how the Sentencing Guidelines might apply to your case? |
| Pak: | Yes. |
| Court: | Do you understand that the Court will not be able to determine the guideline sentence for your case until after a presentence report has been completed? |
| Pak: | Yes. |
| Court: | And you and the government have had an opportunity to challenge the reported facts and the application of the guidelines recommended by the probation officer? |
| Pak: | Yes. |
| Court: | And that the sentence imposed may be different from any estimate your attorney may have given you? |
| Pak: | Yes |
| Court: | And that after you – do you also understand that after your guideline range has been determined, the Court has the authority in some circumstances to depart from the guidelines and impose a sentence that is more severe or less severe than that called for by the guidelines? |
| Pak: | Yes. |

Any erroneous information counsel gave Pak regarding the minimum sentence was corrected by the court informing Pak of the minimum sentence of 10 years and maximum of life. After being advised of the statutory maximum and minimum sentences. Pak did not seek to withdraw his plea. Moreover, the record made by Pak's counsel at his sentencing suggests that his counsel never advised him that he would be sentenced to no more than 7 years.[10] In light of the record, an evidentiary hearing is not warranted as Pak's claims are palpably incredible and fail to state a claim for relief. *See United States v. Leonti,* 326 F.3d 1111, 1116 (9th Cir.2003) (noting that an evidentiary hearing is not warranted if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal") (citation omitted). The court finds Pak's plea was made knowingly, intelligently, voluntarily, free of any threats or coercion. Accordingly, Pak's claim of ineffective assistance of trial and appellate counsel in this regard is without merit.

## CONCLUSION

After conducting a complete review of the record, the court does not find that counsel at trial, sentencing or on appeal were ineffective for failing to raise the non-meritorious issues addressed by Pak in the instant petition. Accordingly, Pak's motion for relief pursuant to 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED** this 16th day of March, 2006.

JAMES L. ROBART*
United States District Judge

---

[10] The record in this regard is as follows:

| | |
|---|---|
| Hartsock: | We would urge the court to depart down to a level of a mandatory minimum sentence at the least, primarily because as I have talked to my client since about a year ago, I have told him not to expect a departure that was going to go any further than what we've discussed with me a year ago, which was 48 months, because of the quantity of drugs that was involved, because of the fact that he hadn't been able to successfully initiate contact with his friend in the Philippines. So we're asking the court to depart down to I believe it's a level 33 which is 121 months. |
| Court: | 32. |
| Hartsock | Is that 32? |
| Court: | Yes. |
| Hartsock: | Okay, 121 months, which is essentially a ten-year sentence. |

* The Honorable James L. Robart, United States District Judge for Western Washington, by designation.